IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED BANK**<br>374 Maple Avenue East<br>Vienna, Virginia 22180<br><br>and<br><br>**TOMBSTONE LAND COMPANY**<br>374 Maple Avenue East<br>Vienna, Virginia 22180<br><br>**Plaintiffs**<br><br>v.<br><br>**ALLISON ALVARADO, as Personal Representative of the Estate of Eugene Jackson**<br>1001 Connecticut Avenue, N.W., Suite 422<br>Washington, DC 20036<br><br>and<br><br>**LBM DEVELOPMENT CORP**<br>8705 Grey Fox Trail<br>Upper Marlboro, Maryland 20772<br>Serve:  CSC-Lawyers Incorporating Svc. Co.<br>         7 St. Paul Street, Suite 1660<br>         Baltimore, Maryland 21202<br><br>**Defendants** | **Case No.** _____ |

## COMPLAINT

The Plaintiffs, United Bank and Tombstone Land Company ("Tombstone"), by an through their attorneys, Mark W. Schweitzer, Aaron D. Neal and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., sues the Defendants, Allison Alvarado, as Personal Representative of the Estate of Eugene Jackson (the "Estate") and LBM Development Corp ("LBM"), and say:

1

## Overview

This case involves ownership of the real property commonly known as 5038-5052 Meade Street, N.W., Washington, DC 20019 (the "Property"), known for taxation purposes as Lots 45 through 52 in Square 5202. The Estate may claim a one-third interest in said Property. Plaintiffs contend that the Estate's interest has already been conveyed, or in the alternative, that the Estate lost any interest it had through adverse possession.

## Parties and Jurisdiction

1. United Bank is a banking institution organized under the laws of the Commonwealth of Virginia, with its principal office in Virginia.

2. Tombstone is a company organized under the laws of the Commonwealth of Virginia, with its principal office in Virginia.

3. The Estate was opened in the Superior Court for the District of Columbia as Case No. 2014 ADM 001019 and Allison Alvarado is, upon information and belief, a resident of the District of Columbia.

4. LBM is a corporation organized under the laws of the State of Maryland, with its principal office in Maryland.

5. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332.

## Facts Common to All Counts

6. In 1977, Eugene Jackson, Rev. Moses L. Jackson Jr. and Naomi V. Jackson took title to the Property as tenants in common.

7. The Jacksons are believed to have been siblings.

8. On September 3, 1998, a deed was executed stating that Rev. Jackson paid $15,000.00 to Eugene Jackson in return for his one-third interest in the Property.

9. That deed was recorded among the Land Records for the District of Columbia as Instrument No. 2004123823 (the "1998 Deed").

10. For reasons unknown, the recorded version of that deed only includes the signature of Rev. Jackson.

11. On March 22, 1999, Eugene Jackson died.

12. In 2003, Naomi Jackson and Rev. Jackson sold the Property to Cora Jackson by deeds recorded as Instrument Nos. 2004123824 and 2004123825.

13. In 2007, Cora Jackson sold the Property to LBM by deed recorded as Instrument No. 2007110302.

14. In 2007 and 2008, LBM granted deeds of trust against the Property to secure purchase and construction financing for the Property. Those deeds of trust were granted to First Mount Vernon Industrial Loan Association ("FMV") and were recorded as Instrument Nos. 2007110303 (the "First DOT") and 2008003440 (the "Second DOT").

15. The First DOT encumbered 5038-5040 Meade Street.

16. On August 3, 2007, FMV assigned the First DOT to United Bank by assignment recorded as Instrument No. 2012010284.

17. The First DOT went into default and 5038-5040 Meade Street was foreclosed on October 12, 2010. Tombstone was the purchaser of 5038-5040 Meade Street and received title thereto by Instrument Nos. 2013096558 and 2013096557.

18. Tombstone is the record owner of 5038-5040 Meade Street.

19. The Second DOT encumbers 5042-5052 Meade Street.

20. On June 20, 2012, FMV assigned the Second DOT to United Bank by assignment recorded as Instrument No. 2012071319.

21. United Bank maintains a first lien interest in 5042-5052 Meade Street through the Second DOT.

22. Upon information and belief, LBM constructed at least two valuable duplex homes on the Property using the construction financing from First Mount Vernon Industrial Loan Association ("FMV").

23. Upon information and belief, Eugene Jackson has been excluded from using or occupying the Property since he sold the Property to Rev. Jackson on September 3, 1998.

24. Upon information and belief, all of the rents and profits arising from the Property have been paid over Rev. Jackson, Naomi Jackson, and their successors since September 3, 1998.

25. Upon information and belief, all of the expenses relating to the Property have been paid by Rev. Jackson, Naomi Jackson, and their successors since September 3, 1998.

26. Upon information and belief, the Estate may claim ownership of one-third of the Property based on the fact that the recorded version of the aforementioned 1998 deed does not bear the signature of the Eugene Jackson.

27. The signature of Rev. Jackson on the 1998 deed, sworn to before a notary, is clear evidence that the consideration stated therein was actually paid to Eugene Jackson by Rev. Jackson.

28. The subsequent exercise of control and ownership over the Property by Rev. Jackson and Naomi Jackson is further evidence that the Decedent intended to and did transfer his interest in the Property to Rev. Jackson for valuable consideration.

29. On September 25, 2014, the Estate was opened in the Superior Court for the District of Columbia.

## Count One
(Declaratory Judgment/Quiet Title)

30. Plaintiffs incorporate by reference all prior paragraphs of the Complaint.

31. Rev. Jackson paid valuable consideration to Eugene Jackson for his one-third interest in the Property.

32. Eugene Jackson agreed to and did sell his one-third interest in the Property to Rev. Jackson.

33. The inadvertent failure of Rev. Jackson to record the portion of the 1998 deed containing Eugene Jackson's signature creates a cloud on the title to the Property.

34. Tombstone is in actual or constructive possession of 5038-5040 Meade Street.

35. LBM is in actual or constructive possession of 5042-5052 Meade Street.

36. The potential claim by the Estate to a one-third interest in the Property as successor-in-interest to Eugene Jackson creates an actual, justiciable controversy between the parties with respect to their respective rights and interests in the Property.

37. The Court can fully and finally resolve this dispute by entering a judgment declaring the respective rights and interests of the parties in and to the Property.

WHEREFORE, Plaintiffs demand the entry of a judgment:

   a. Declaring the rights of the parties in and to the Property;

   b. Quieting title in favor of Tombstone with respect to 5038-5040 Meade Street;

   c. Quieting title in favor of LBM with respect to 5042-5052 Meade Street;

   d. Declaring that LBM's interest in 5042-5052 Meade Street is subject to United Bank's deeds of trust;

   e. Declaring that the Estate has no right, title or interest in the Property; and

   f. Granting such other and further relief as Plaintiffs' cause requires.

## Count Two
(Adverse Possession)

38. Plaintiffs incorporate by reference all prior paragraphs of the Complaint.

39. Rev. Jackson, Naomi Jackson, and their successors (including, but not limited to, LBM and Tombstone) have been in actual, exclusive, continuous possession of the Property since September 3, 1998, a period of more than fifteen (15) years.

40. That possession has been open and notorious, and hostile to any interest claimed by the Estate or the heirs of Eugene Jackson.

41. Rev. Jackson, Naomi Jackson and their successors have constructed dwellings on the Property, paid the taxes and insurance for the Property, and generally maintained the improvements and grounds of the Property on a continuous, regular basis for more than fifteen (15) years.

42. Eugene Jackson has been dead since 1999 and has not set foot on the Property in more than fifteen (15) years.

43. Plaintiffs (and their predecessors, through tacking) have satisfied the elements of adverse possession and are entitled to a judgment declaring their ownership of the Property.

WHEREFORE, Plaintiffs demand the entry of a judgment:

   a. Quieting title in favor of Tombstone with respect to 5038-5040 Meade Street;

   b. Quieting title in favor of LBM with respect to 5042-5052 Meade Street;

   c. Declaring that LBM's interest in 5042-5052 Meade Street is subject to United Bank's deeds of trust;

   d. Declaring that any right, title or interest that the Estate had in the Property has been extinguished by adverse possession; and

   e. Granting such other and further relief as Plaintiffs' cause requires.

## Count Three
(Unjust Enrichment/Constructive Trust)

44. Plaintiffs incorporate by reference all prior paragraphs of the Complaint.

45. LBM used loan funds from United Bank to significantly improve the Property. Those loans were intended to be secured by the First DOT and Second DOT.

46. The improvements to the Property were done openly and obviously, and the Estate and its heirs had actual and/or constructive knowledge of the benefit being bestowed on them by virtue of said improvements.

47. As a result of United Bank's loans and LBM's improvements, the Property has increased in value.

48. The Estate would be unjustly enriched if permitted to retain the benefit of United Bank's loans without either paying United Bank for the value of those improvements or providing United Bank with a lien on the Property equivalent to the value of those improvements.

49. Plaintiffs are entitled to a constructive trust and/or award of restitution equal to the value of the improvements to prevent the Estate from being unjustly enriched.

WHEREFORE, Plaintiffs demand the entry of a judgment:

- f. Entering a restitution judgment in favor of Plaintiffs in an amount equivalent to the benefit received by the Estate through the improvements to the Property;
- g. Declaring that the Estate's interest in 5042-5052 Meade Street, if any, is subject to a constructive trust on the same terms and conditions as United Bank's deeds of trust; and
- h. Granting such other and further relief as Plaintiffs' cause requires.

Respectfully submitted,

McNamee, Hosea, Jernigan, Kim Greenan & Lynch, P.A.


/s/ Mark W. Schweitzer
Mark W. Schweitzer - 451459


/s/ Aaron D. Neal
Aaron D. Neal - 985292
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
Tel.   301-441-2420
Fax    301-982-9450
aneal@mhlawyers.com

*Attorneys for Plaintiffs*